IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ANDREW PIERCE, III § | |
| § | |
| v. § | Case No. 2:09-cv-0233-RSP |
| § | |
| SUPERIOR ENERGY § | |
| SERVICES, LLC, ET AL. | |

## MEMORANDUM ORDER

Before the Court are the Motion for Summary Judgment (Dkt No. 54) filed by Defendant Devon Energy Production Company, L.P. on March 30, 2011, and the Amended Motion for Summary Judgment (Dkt No. 68) filed by the same Defendant on October 24, 2011. For the reasons set forth below, the motion is DENIED.

Also before the Court is the Motion for Summary Judgment (Dkt No. 69) filed by Defendant Superior Energy Services, LLC on October 28, 2011. For the reasons set forth below, the motion is GRANTED IN PART AND DENIED IN PART.

## FACTS

This case arises out of a May 21, 2008 accident at a drilling rig owned and operated by Devon Energy in Shelby County, Texas. Plaintiff was an employee of Warrior Energy Services Corporation working on the rig when a heavy flange fell onto him from a crane owned by Superior and operated by a fellow employee of Warrior. Plaintiff contends that the crane was defective due to improper maintenance by its owner, Superior, and was negligently operated by its operator due to his negligent training by his former employer, Superior. Superior contends that it had orally leased the crane to Warrior before the accident thereby shifting responsibility for maintenance of the rig to Warrior. Plaintiff also contends that the method of attaching the flange to the rigging of the crane was improper due to the negligent supervision of the job by the

"company man" supervising the job for Devon. Devon contends that its company man was not present on the job at the time of the accident and that Devon did not exercise any control over the way the employees of Warrior performed their work, including the method of attaching the flange to the crane.

## DEVON ENERGY PRODUCTION CO.

Devon relies upon the provisions of Chapter 95 of the Texas Civil Practice and Remedies Code to support its motion. Chapter 95 contains additional requirements for a negligence action against a property owner that arises "from the condition or use of an improvement to real property." While the well itself is clearly an improvement to real property, it is not at all clear that this case arises from the condition or use of the well. However, that issue need not be decided until the jury instructions are prepared. At this point, the Court will assume that Chapter 95 applies because plaintiff has shown at least a genuine dispute of facts material to Devon's defense relying upon that statute.

Chapter 95 requires, in relevant part, that the owner be shown (1) to have either retained or exercised "some" control over the manner of performance of the work alleged to have caused the injury, other than the mere right to stop or start the work or to inspect the work or receive reports, and (2) to have had actual knowledge of the danger or condition resulting in the injury and failed to adequately warn. .The deposition of Gary Odum, attached to plaintiff's opposition, shows that the company man, Truman Shirey, a Devon employee, exercised some control over the manner in which the crew performed their activities, including the manner in which the flange was rigged to the crane. Even the affidavit of Harold Hawkins, offered by Devon, admits that Devon made suggestions or recommendations as to the manner of performing the work, although he concludes that these did not have to be followed. The fact that Shirey did not arrive on the job on the day of the accident until a few minutes after it happened does not prevent

liability as long as the crew was following his allegedly negligent directions, which Mr. Odum testified they were.

Odum's deposition also shows that Shirey "had actual knowledge of the danger *or condition* resulting in the injury," which was the use of a sling to attach the flange to the crane. Defendant's reply brief quotes the above passage of Chapter 95 omitting the words "or condition" to support the misleading argument that the statute requires proof of knowledge of the danger. However, under the plain words of the act the owner need only have knowledge of the condition that is proven to have caused the injury as a result of the owner's negligence.

Accordingly, Devon has not, on this record, shown its right to summary dismissal of the claims against it, and the motions (Dkt Nos. 54 and 68) are DENIED.

## SUPERIOR ENERGY SERVICES

Superior asserts two primary grounds for summary judgment in its motion. First, that it is not responsible for any negligence of the operator of the crane because the operator was an employee of Warrior and not Superior[1]. Second, that Superior owned the crane but had orally leased it to Warrior and was, thus, not liable for maintenance of the crane.

The argument that Superior is liable for the operator's negligence is based on the claim that Superior employed the operator until shortly before the accident and failed to train him properly while he was in Superior's employ. Plaintiff cites no authority for the proposition that a former employer can be liable for post-employment acts of a poorly trained former employee. The Court concludes that Superior owes no duty to plaintiff with respect to the post-employment conduct of the crane operator, and that if such a duty were owed, the failure to train would not be a proximate cause of the post-employment negligence. Thus, the motion for summary judgment

---

[1] Plaintiff asserts that Warrior and Superior are owned by the same holding company but does not articulate any basis for imputing the negligence of Warrior employees to Superior.

is GRANTED with respect to any claims by plaintiff against Superior based on the fault of the crane operator.

Superior's arguments regarding their liability for any lack of proper maintenance of its crane are not as persuasive. The only evidence of a lease of the crane to Warrior, and the terms of any such lease, is the affidavit of Mr. Templet (Dkt No. 69-1), who is identified only as a "financial and operational intermediary" for Superior and Warrior. The affidavit offers no details as to how this "intermediary" would know the terms of an unwritten lease of the crane. The uncorroborated and entirely self-serving nature of the affidavit, together with the lack of a sufficient basis to establish personal knowledge, renders it insufficient to carry movant's burden on this part of their motion. Accordingly, the motion for summary judgment is DENIED with respect to the claims arising from any defect in the crane or failure to properly maintain the crane.

## CONCLUSION

The motions for summary judgment by Devon Energy Production Company, LP (Dkt Nos. 54 and 68) are DENIED. The motion for summary judgment by Superior Energy Services, LLC (Dkt No. 69) is GRANTED with respect to any fault of the crane operator but otherwise DENIED.

**SIGNED this 28th day of April, 2012.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE